

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

In re

CA FINANCIAL SOLUTIONS,

    Debtor and
    Debtor-in-Possession.

Case No. 19-00676 (RJF)
(Chapter 11)

Hearing:
Date:   June 24, 2019
Time:  2:30 p.m.
Judge:  Hon. Robert J. Faris

[Related Docket Entry: Dkt. #6]

## FINDINGS OF FACT AND CONCLUSIONS
## OF LAW REGARDING UNITED STATES TRUSTEE'S
## MOTION TO DISMISS OR CONVERT CASE

The United States Trustee's Motion to Dismiss or Convert Case, filed on

June 12, 2019, Dkt. #6 ("Motion") came on for hearing on June 24, 2019.  Neil

1

Verbrugge, Esq., appeared for the United States Trustee. No other appearances were made.

The Court, having considered the United States Trustee's Motion, the evidence submitted in connection thereto, the records and files in this case, the arguments of counsel at the hearing on this matter, and good cause appearing therefore, and pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, hereby makes the following findings of fact and conclusions of law:

## I.  FINDINGS OF FACT

1.     If any of the findings of fact shall be deemed a conclusion of law, the Court intends that every such finding be construed as a conclusion of law.

2.     The United States Trustee has demonstrated the following facts by a preponderance of evidence.

### A. RELEVANT REAL PROPERTIES

3.     Maui County tax assessment information shows that Manuel Domingo and Loida Domingo are fee owners of real property located at 111 Keoneloa Street, Wailuku, Maui, Hawaii 96793 (the "111 Keoneloa Street Property").

4.     Maui County tax assessment information shows that Manuel Domingo and Loida Domingo are fee owners of real property located at 856 Kuhua Street, Lahaina, Maui, Hawaii 96761 (the "856 Kuhua Street Property"). As of June 3, 2019, the tax assessed value of the 856 Kuhua St. Property was $484,500.

U.S. Bankruptcy Court - Hawaii   #19-00676   Dkt # 18   Filed  07/01/19   Page 2 of 25

5. Maui County tax assessment information shows that Manuel Domingo and Loida Domingo are fee owners of real property located at 850 Kuhua Street, Lahaina, Maui, Hawaii 96761 (the "850 Kuhua Street Property").

## B. CA FINANCIAL SOLUTIONS, LLC

6. On or about May 18, 2015, Edna Franco organized and filed Articles of Organization for CA Financial Solutions, LLC with the Secretary of State, State of California.

7. CA Financial Solutions, LLC's most recent Statements of Information show the members/managers are Edna Franco and Manuel Domingo.

8. Under California law, CA Financial Solutions, LLC's status is "suspended".

## C. DECEMBER 2015:  STATE COURT FORECLOSURE:  856 KUHUA ST. PROPERTY

9. On December 7, 2015, Pennymac Corp. ("Pennymac") filed a complaint for mortgage foreclosure against Loida R. Domingo and Manuel P. Domingo, et al., Civil No. 15-1-0621(3) (Foreclosure), In the Circuit Court of the Second Circuit, State of Hawaii ("State Court Foreclosure Action") seeking to foreclose on a Mortgage encumbering the 856 Kuhua Street Property.

10. On September 14, 2016, Pennymac filed a motion for summary judgment for foreclosure against all defendants and for decree of interlocutory foreclosure.

11.     On January 19, 2017, the State Court entered findings of fact, conclusions of law and order granting Pennymac's motion for summary judgment for foreclosure against all defendants and for interlocutory decree of foreclosure, and Judgment.

12.     On February 17, 2017, the Commissioner in the State Court Foreclosure Action filed a motion for order issuing writ of possession or, in the alternative, motion to conduct auction sale without conducting open houses.

## D. MARCH 2017:  LOIDA DOMINGO'S CHAPTER 13 BANKRUPTCY CASE

13.     On March 21, 2017, Loida Domingo commenced a bankruptcy case by filing a voluntary petition under Chapter 13 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Hawaii (the "Court") initiating Bankruptcy Case No. 17-00289.

14.     This Court takes judicial notice of the documents and pleadings filed in the Loida Domingo bankruptcy case.

15.     Loida Domingo's Schedule A/B identified the 856 Kuhua Street Property as her property held "joint with husband, Manual P. Domingo".

16.     On March 22, 2017, Loida Domingo filed a notice of surrender of the 856 Kuhua Street Property.

4

## E. MARCH 2017:  MANUEL DOMINGO'S FIRST BANKRUPTCY CASE & REGISTRATION OF TRADE NAME

17.    On March 23, 2017, Manuel Domingo commenced a bankruptcy case by filing, *pro se*, a voluntary petition under Chapter 13 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Hawaii (the "Court") initiating Bankruptcy Case No. 17-00293 (the "First Bankruptcy Case").

18.    This Court takes judicial notice of the documents and pleadings filed in Mr. Domingo's First Bankruptcy Case.

19.    Manuel Domingo's Schedule A/B filed on April 6, 2017 identified the 856 Kuhua Street Property as his property held "jointly with his wife Loida Domingo.

20.    Manuel Domingo's Schedule A/B filed on April 6, 2017 identified the 111 Keoneloa Street Property as his property, but failed to disclose his wife Loida Domingo's interest in this property.

21.    On April 18, 2017, in Loida Domingo's Chapter 13 bankruptcy case, Manuel Domingo filed, *pro se*, an adversary complaint (Adv. Pro. No. 17-90006) against Loida Domingo purporting to object to Loida Domingo's surrender of the 856 Kuhua Street Property.  After this complaint was dismissed, Manual Domingo, through counsel, filed a first amended complaint on August 25, 2017.  Ultimately,

5

the Court dismissed the first amended complaint on January 26, 2018, and closed that adversary proceeding on February 12, 2018.

22.    On June 5, 2017, Manuel Domingo, represented by counsel, filed a motion to dismiss that bankruptcy case.

23.    On June 7, 2017, Manuel Domingo registered in his individual name the trade name "CA Financial Solutions" with the State of Hawaii DCCA.

24.    On June 13, 2017, the Court entered an order dismissing that Chapter 13 case.

## F. MAY 2017:  DOMINGO'S DIVORCE ACTION

25.    On May 30, 2017, Manuel Domingo filed a complaint for divorce against his wife Loida Domingo.  This divorce proceeding remains pending.

## G. AUGUST-SEPTEMBER 2017:  MANUEL DOMINGO TAKES STEPS TO DELAY FORECLOSURE SALE OF 856 KUHUA ST. PROPERTY

26.    After Manuel Domingo's First Bankruptcy Case was dismissed in June 2017, the Commissioner began to move forward with steps preliminary to selling the 856 Kuhua Street Property.

27.    On August 25, 2017, Manuel Domingo recorded a Quitclaim deed, dated August 24, 2017, that purported to transfer his interest in the 856 Kuhua Street Property to CA Financial Solutions, LLC.

28.    On September 12, 2017, Manuel Domingo filed a Notice of filing of Notice of Removal in the State Court Foreclosure Action.

6

29.     Ultimately, Manuel Domingo stipulated to remand the removed case back to the State Court which was approved by the United States District Court on November 20, 2017.

## H. JANUARY 2018: MANUEL DOMINGO'S SECOND BANKRUPTCY CASE

30.     On January 22, 2018, Manuel Domingo commenced his second bankruptcy case by filing a voluntary Chapter 13 petition in the United States Bankruptcy Court for the Central District of California initiating Bankruptcy Case No. 18-10694 (the "Second Bankruptcy Case").

31.     This Court takes judicial notice of the documents and pleadings filed in Mr. Domingo's Second Bankruptcy Case.

32.     Manuel Domingo's Schedule A/B filed on February 15, 2018 identified the 856 Kuhua Street Property as his property "that he is keeping".

33.     Manuel Domingo's Schedule A/B filed on February 15, 2018 identified the 111 Keoneloa Street Property as his property "owned free and clear", but he failed to disclose his wife Loida Domingo's interest in this property.

34.     On April 30, 2018, Pennymac filed a motion in individual case for order confirming termination of stay under 11 U.S.C. § 362(c)(3).

35.     On May 26, 2018, Manuel Domingo filed a request for voluntary dismissal of Chapter 13 case stating that the "Debtor's Property is not protected by the automatic stay and the debtor's plan cannot be achieved".

7

36.     On June 4, 2018, the Court entered an order dismissing that Chapter 13 case.

37.     On June 8, 2018, the Court entered an order confirming the automatic stay has been terminated with respect to the Debtor pursuant to 11 U.S.C. § 362(c)(3).

## I.  JUNE 2018:  MANUEL DOMINGO'S THIRD BANKRUPTCY CASE

38.     On June 18, 2018, Manuel Domingo commenced his third bankruptcy case by filing a voluntary Chapter 13 petition in the United States Bankruptcy Court for the Central District of California initiating Bankruptcy Case No. 18-17036 (the "Third Bankruptcy Case").

39.     This Court takes judicial notice of the documents and pleadings filed in Mr. Domingo's Third Bankruptcy Case.

40.     Manuel Domingo's Schedule A/B filed on June 18, 2018, identified the 856 Kuhua Street Property as his property.

41.     Manuel Domingo's Schedule A/B filed on June 18, 2018, identified the 111 Keoneloa Street Property as his property, but he failed to disclose his wife Loida Domingo's interest in this property.

42.     On September 26, 2018, U.S. Bank filed a motion for relief from the automatic stay with respect to the 856 Kuhua Street Property.  U.S. Bank's claim secured by the 856 Kuhua Street Property totaled $862,038.66.

8

43.     On October 23, 2018, Loida Domingo filed an Objection to Confirmation of Manuel Domingo's Chapter 13 Plan.  Among other things, Loida Domingo stated that she not received timely notice of the Debtor's motion to sell the 111 Keoneloa Street Property or his plan to use the proceeds to fund his Chapter 13 Plan.

44.     On February 13, 2019, the Court entered an order dismissing that Chapter 13 case which order expressly stated:  "Pursuant to Bankruptcy Code Section 109(g), debtor is prohibited from filing any new bankruptcy petition within 180 days of the date of entry of this order."  In other words, Manuel Domingo was barred from filing any new bankruptcy petition on or before August 12, 2019.

## J. APRIL 2019:  MANUEL DOMINGO CONTINUES TO DELAY FORECLOSURE SALE OF 856 KUHUA ST. PROPERTY

45.     On April 9, 2019, Manuel Domingo filed a Notice of Removal of Action to Federal Court.

46.     In the Third Bankruptcy Case, on May 1, 2019, Manuel Domingo filed a Motion to Vacate 180 day bar to refiling a bankruptcy case and permission to file a Chapter 11 bankruptcy case.  This motion to vacate is currently set for hearing on June 27, 2019.

47.     On May 7, 2019, in Civil No. 19-182, the United States District Court entered an order remanding the action to State Court.

## K. MAY 2019:  CA FINANCIAL SOLUTIONS BANKRUPTCY CASE

9

48.     On May 28, 2019, Manuel Domingo commenced this bankruptcy case by filing, in the name of "CA Financial Solutions", and signing as "Sole Proprietor", a voluntary petition under Chapter 11 in the United States Bankruptcy Court for the District of Hawaii initiating Bankruptcy Case No. 19-00676.

49.     On May 28, 2019, an Order to File Documents and Notice of Intent to Dismiss Case ("Order to File") was entered requiring the Debtor to file, no later than June 12, 2019, a Corporate Resolution, Schedules, and Statements.

50.     The Order to File also warned the Debtor that:

> [F]ailure to comply timely with this order by filing all the missing documents may result in dismissal of this case as a willful failure to abide by a court order within the meaning of 11 U.S.C. sec. 109(g)(1). This means that the debtor(s) will be ineligible to file another bankruptcy petition for 180 days after the entry of the order dismissing this case.

51.     In response to question 12, the Petition states the Debtor's property at 856 Kuhua Street was facing imminent foreclosure.

52.     On May 29, 2019, the Office of the United States Trustee mailed a letter to Manuel Domingo notifying him of an Initial Debtor Interview ("IDI") scheduled for June 7, 2019 at 10:00 a.m., and requiring documents (including proof of insurance) be produced no later than the IDI date.

53.     The Debtor has failed to appear at the IDI, and has failed to produce the required documents to the Office of the United States Trustee.

10

54. The Debtor failed to file documents required by the Order to File by June 12, 2019.

## II. CONCLUSIONS OF LAW

1. Based on the foregoing findings of fact, the Court makes the following conclusions of law, which insofar as they may be considered findings of fact, are also found by this Court to be true in all respects.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Motion is brought pursuant to Sections 109, 362(c)(4), and 1112(b) of the Bankruptcy Code.

3. Section 1112(b)(1) provides:

**…**on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

As set forth in Section 1112(b)(4), for purposes of this subsection, the term "cause" includes --

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
(B) gross mismanagement of the estate;
(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
(E) failure to comply with an order of the court;

11

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);

(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;

(K) failure to pay any fees or charges required under chapter 123 of title 28;

(L) revocation of an order of confirmation under section 1144;

(M) inability to effectuate substantial consummation of a confirmed plan;

(N) material default by the debtor with respect to a confirmed plan;

(O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and

(P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

(Emphasis added). The list of items that constitute "cause" in §1112(b)(4) is not exclusive. "A non-exclusive list of what constitutes 'cause' is found in § 1112(b)(4), but the court should 'consider other factors as they arise, and use its equitable powers to reach the appropriate result in individual cases.'" *See In re Rand*, 2010 WL 6259960 at *3 (9th Cir. BAP 2010); *In re Consol. Pioneer Mortg. Entities*, 248 B.R. 368, 375 (9th Cir. BAP 2000) (same), *aff'd*, 264 F.3d 803 (9th Cir. 2001). "The bankruptcy court has broad discretion in determining what constitutes 'cause' under section 1112(b)." *In re Sullivan*, 522 B.R. 604, 614 (9th

12

Cir. BAP 2014).  The movant bears the burden of establishing by a preponderance of the evidence that cause exists.  *Id.*  "Once the movant establishes cause to convert or dismiss the case, the burden shifts to the party opposing the motion, usually the debtor, to establish grounds for applying the exception under § 1112(b)(2) and avoid conversion or dismissal."  *In re Hoyle*, 2013 WL 210254, at *13 (Bankr. D. Idaho 2013).

A. **CAUSE EXISTS TO DISMISS THIS CASE BECAUSE CA FINANCIAL SOLUTIONS IS A SOLE PROPRIETORSHIP THAT IS INELIGIBLE TO BE A DEBTOR UNDER CHAPTER 11**

4.     By the express terms of the Order entered on February 13, 2019 by the Bankruptcy Court for the Central District of California dismissing Manuel Domingo's Third Bankruptcy Case, Mr. Domingo was barred from filing any new bankruptcy petition for 180 days from the date of entry of the order, i.e., on or before August 12, 2019.

5.     Thus, although Mr. Domingo is a "person", he is currently not eligible to be a debtor in his own name.

6.     In order to evade the 180 day bar on him individually, Mr. Domingo filed the petition in this case for "CA Financial Solutions" which he signed as "Sole Proprietor".  CA Financial Solutions, however, is not an actual entity, but merely a trade name registered to Mr. Domingo individually.

13

7.     Eligibility in a Chapter 11 case is governed by Section 109(d) of the

Bankruptcy Code which provides:

> (d) Only a railroad, a person that may be a debtor under
> chapter 7 of this title (except a stockbroker or a
> commodity broker), and an uninsured State member
> bank, or a corporation organized under section 25A of
> the Federal Reserve Act, which operates, or operates as, a
> multilateral clearing organization pursuant to section 409
> of the Federal Deposit Insurance Corporation
> Improvement Act of 1991 may be a debtor under chapter
> 11 of this title.

8.     CA Financial Solutions is not a banking institution or a railroad.

9.     Therefore, CA Financial Solutions would only be eligible to file a

Chapter 11 petition if it is a "person that may be a debtor under chapter 7".

10.    However, CA Financial Solutions is not a "person that may be a

debtor under chapter 7". Instead, CA Financial Solutions is a sole proprietorship

of which Mr. Domingo is sole proprietor.

11.    A sole proprietorship is not a "person" for purposes of the Bankruptcy

Code because it is neither an individual, nor a partnership, nor a corporation. *See*

*In re KRSM Properties, LLC*, 318 B.R. 712, 717 (9th Cir. BAP 2004). Since it is

not a "person," a sole proprietorship is ineligible to be a debtor in bankruptcy. 11

U.S.C. § 109(a)-(b); *In re KRSM Properties., LLC*, 318 B.R. at 717 (9th Cir. BAP

2004) (stating sole proprietorship is ineligible to be a debtor in bankruptcy); *In re*

*Know Thy Self, Inc.*, 2006 WL 6589908, at *3 (Bankr. N.D. Ga. 2006) (ruling that

14

sole proprietorship was ineligible to be a debtor in a bankruptcy case); *In re T.W. Koeger Trucking Co.*, 105 B.R. 512, 515 (Bankr. E.D. Mo.1989) (granting United States Trustee's motion to dismiss voluntary Chapter 11 petition filed by sole proprietorship and holding that "because the sole proprietor has no powers beyond that of an individual," it was ineligible to file solely as a business entity).

12.     Because CA Financial Solutions is a sole proprietorship it is ineligible to be a debtor in bankruptcy.

**B.     CAUSE EXISTS TO DISMISS THIS CASE BECAUSE MR. DOMINGO LACKED GOOD FAITH IN FILING THE PETITION**

13.     "Cause" exists under Section 1112(b)(4) to dismiss or convert this case because Mr. Domingo lacked good faith in filing the petition.

14.     In the instant case, Mr. Domingo filed the petition in the name of CA Financial Solutions, as "Sole Proprietor", on May 28, 2019.

15.     An individual who files a petition in the name of a sole proprietorship should be precluded from evading the consequences of doing so to the individual if other parties in interest object.  *See In re Christenberry*, 336 B.R. 353 (Bankr. E.D. Tenn. 2005) (denying sole proprietor's motion to dismiss Chapter 7 case filed after case was converted from Chapter 11 to one under Chapter 7).

16.     For purposes of determining whether "cause" exists to dismiss this sole proprietorship case, Mr. Domingo's conduct and past individual bankruptcy

15

cases are relevant.  "A proprietorship is not a person apart from the individual who owns it and cannot file bankruptcy in its own name." *In re Know Thy Self, Inc.*, 2006 WL 6589908, at \*3 (Bankr. N.D. Ga. 2006).

17.    "[C]ourts have overwhelmingly held that a lack of good faith in filing a Chapter 11 petition establishes cause for dismissal. *In re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994).  "The test is whether a debtor is attempting to unreasonably deter and harass creditors or attempting to effect a speedy, efficient reorganization on a feasible basis." *Id.*  "The existence of good faith depends on an amalgam of factors and not upon a specific fact.  The bankruptcy court should examine the debtor's financial status, motives, and the local economic environment." *In re Arnold*, 806 F.2d 937, 939 (9th Cir. 1986) (internal citation omitted).

18.    "To determine whether a debtor has filed a petition in bad faith, courts weigh a variety of circumstantial factors such as whether: (1) the debtor has only one asset; (2) the debtor has an ongoing business to reorganize; (3) there are any unsecured creditors; (4) the debtor has any cash flow or sources of income to sustain a plan of reorganization or to make adequate protection payments; and (5) the case is essentially a two party dispute capable of prompt adjudication in state court." *In re St. Paul Self Storage Ltd. P'ship*, 185 B.R. 580, 582–83 (9th Cir. BAP 1995).

16

19.     The following factors are considered in determining whether a

Chapter 11 case was filed in bad faith:

> The bankruptcy court considers the following
> circumstantial factors in determining whether the chapter
> 11 case was not filed in good faith:
>
> (1) the debtor has only one asset
> (2) the secured creditors' lien encumbers that asset
> (3) there are generally no employees except for the
> principals
> (4) there is little or no cash flow, and no available
> sources of income to sustain a plan of reorganization or
> to make adequate protection payments
> (5) there are few, if any, unsecured creditors whose
> claims are relatively small
> (6) there are allegations of wrongdoing by the debtor or
> its principals
> (7) the debtor is afflicted with the "new debtor
> syndrome" in which a one-asset equity has been created
> or revitalized on the eve of foreclosure to isolate the
> insolvent property and its creditors
> (8) bankruptcy offers the only possibility of forestalling
> loss of the property

*In re Wood*, 2011 WL 7145617, at *7 (9th Cir. BAP 2011).

20.     Here, many factors support a conclusion the Mr. Domingo lacked

good faith in filing the instant bankruptcy case.

21.     From the face of the petition, it is clear Mr. Domingo filed this case to

delay the imminent foreclosure sale of the 856 Kuhua Street Property.

22.      The State Court Action is essentially a two party dispute between

Mr. Domingo and the foreclosing lender.

17

23.     The filing of the petition in this case is a continuation of Mr. Domingo's effort to unreasonably delay the Commissioner's attempt to sell the 856 Kuhua Street Property in the State Court Action.

24.     Mr. Domingo's attempt to file the petition in this case in the name of "CA Financial Solutions" was done in a bad faith because the sole proprietorship is ineligible for bankruptcy, and Mr. Domingo filed the instant petition in an effort to evade the 180 day bar imposed on him in the Third Bankruptcy Case in the Central District of California.

25.     Mr. Domingo was aware that he was barred from filing a Chapter 11 petition individually because he has currently pending in the Third Bankruptcy Case a motion to vacate the 180 day bar (which is scheduled for hearing on June 27, 2019).  Mr. Domingo's decision to willfully proceed with filing this Chapter 11 petition as "Sole Proprietor", despite his knowledge of the applicable 180 day bar, is strong evidence of his bad faith.

26.     Additionally, the instant petition obscures Mr. Domingo's serial filings because he only disclosed his Third Bankruptcy Case, and he omitted any mention of his prior First Bankruptcy Case and Second Bankruptcy Case.  Mr. Domingo's omission of his serial filings is highly relevant to finding bad faith because his two past bankruptcy cases were dismissed within the last 1 year which means the automatic stay does not apply to any case filed by Mr. Domingo

18

individually. In the absence of the automatic stay, there is no reasonable likelihood of rehabilitation in this Chapter 11 case.

27. Furthermore, there is no reason to conclude the Debtor will be able to navigate the complicated Chapter 11 process and propose a confirmable plan when the Debtor has failed to employ competent bankruptcy counsel, failed to file any first day motions, failed to attend the initial debtor interview, failed to provide requested documents to the United States Trustee, and has failed to provide proof of insurance.

28. Based on the evidence, the Court concludes that Mr. Domingo filed this case in a bad faith effort to delay or confuse the foreclosing lender and the State Court as whether the protections of the automatic stay arose upon the filing of the instant petition.

**C.  CAUSE EXISTS TO DISMISS THIS CASE PURSUANT TO SECTION 1112(b)(4)(C) BECAUSE DEBTOR HAS FAILED TO PROVIDE PROOF OF INSURANCE**

29. Section 1112(b)(4)(C) authorizes dismissal of the case when the Debtor fails to maintain appropriate insurance that poses a risk to the estate or to the public.

30. The Debtor's petition disclosed real property located at 856 Kuhua St.

U.S. Bankruptcy Court - Hawaii   #19-00676   Dkt # 18   Filed  07/01/19   Page 19 of 25

31.     Despite request by the United States Trustee, the Debtor has failed to provide any proof to the United States Trustee that the 856 Kuhua Street Property is adequately insured.

32.     Because the apparent lack of insurance may place the estate and the public at unacceptable risk for uncompensated injury while the Debtor claims the protection of federal bankruptcy laws, dismissal of the Debtor's case is warranted. *See In re Johnston*, 149 B.R. 158, 162 (9th Cir. BAP 1992) (citing lack of adequate insurance coverage in granting motion to dismiss chapter 11 case).

**D.      CAUSE EXISTS TO DIMISSS THIS CASE PURSUANT TO SECTION 1112(b)(4)(E) BECAUSE DEBTOR HAS FAILED TO OBEY COURT ORDER TO FILE CASE OPENING DOCUMENTS**

33.     Section 1112(b)(4)(E) authorizes dismissal of the case when the Debtor fails to comply with an order of the Court.

34.     On May 28, 2019, an Order to File Documents and Notice of Intent to Dismiss Case ("Order to File") was entered requiring the Debtor to file, no later than June 12, 2019, a Corporate Resolution, Schedules, and Statements.

35.     The Order to File also warned the Debtor that:

> [F]ailure to comply timely with this order by filing all the missing documents may result in dismissal of this case as a willful failure to abide by a court order within the meaning of 11 U.S.C. sec. 109(g)(1). This means that the debtor(s) will be ineligible to file another bankruptcy petition for 180 days after the entry of the order dismissing this case.

20

36.     The Debtor failed to file the required documents by June 12, 2019.

**E.     CAUSE EXISTS TO DISMISS THIS CASE PURSUANT TO SECTION 1112(b)(4)(H) BECAUSE DEBTOR FAILED TO ATTEND THE INITIAL DEBTOR INTERVIEW AND PROVIDE INFORMATION REQUESTED BY THE UNITED STATES TRUSTEE**

37.     Section 1112(b)(4)(H) provides that "cause" includes the "failure timely to provide information or attend meetings reasonably requested by the United States trustee[.]"

38.     By letter dated May 29, 2019, the United States Trustee notified Mr. Domingo of an initial debtor interview scheduled for June 7, 2019 at 10:00 a.m., and required the Debtor to produce documents (including proof of insurance) no later than June 7, 2019.

39.     The Debtor failed to attend the initial debtor interview scheduled for June 7, 2019.

40.     The Debtor failed to produce the required documents to the United States Trustee.

41.     Because the Debtor has failed to attend the initial debtor interview, and failed to provide information reasonably requested by the United States Trustee, dismissal of the Debtor's case is warranted.  *See In re White Plains Road, Inc.*, 28 B.R. 515 (Bankr. S.D.N.Y. 1983) (dismissing case for, inter alia, debtor's failure to comply with United States Trustee's requests for information); *In re*

21

*Bianco*, 5 B.R. 466 (Bankr. D. Mass. 1980) (stating that United States Trustee should not have to chase debtors in order to gain their cooperation); *In re Pappas*, 17 B.R. 662 (Bankr. D. Mass 1982) (ruling debtor's failure to produce information that complies with United States Trustee's requirements is cause to convert chapter 11 case to chapter 7 case).

## F. DISMISSAL IS IN THE BEST INTEREST OF CREDITORS AND THE ESTATE

42.    The tax assessed value of the 856 Kuhua Street Property is $484,500. In a motion for relief from stay filed in Mr. Domingo's Third Bankruptcy Case, the lender's claim secured by the 856 Kuhua Street Property totaled $862,038.66.

43.    The Debtor has not filed any Schedules identifying any other property in this case.

44.    Based on the above, there does not appear to be any realistic chance that conversion of this case will yield any meaningful distributions to unsecured creditors.

45.    Because of the lack of any apparent bankruptcy purpose for this case, it is in the best interest of creditors and the estate to dismiss this case at this juncture.  Creditors of Mr. Domingo should be free to continue their non-bankruptcy legal actions against him without the confusion created by the instant case.

### G. COURT SHALL ISSUE ORDER CONFIRMING NO AUTHOMATIC STAY IS IN EFFECT

46.     In the instant case, Mr. Domingo filed the petition in the name of CA Financial Solutions, as sole proprietor, on May 28, 2019.

47.     Because CA Financial Solutions is ineligible to be a debtor, this Court has the authority to enter an order that the automatic stay is annulled as of the moment the petition in this case was filed. *See In re Know Thy Self, Inc.*, 2006 WL 6589908, at *3 (Bankr. N.D. Ga. 2006) (ruling that annulment of the automatic stay was justified because sole proprietorship was ineligible to be a debtor in a bankruptcy case).

48.     Additionally, an individual who files a petition in the name of a sole proprietorship should be precluded from evading the individual consequences of doing so if other parties in interest object. *See In re Christenberry*, 336 B.R. 353 (Bankr. E.D. Tenn. 2005).

49.     Although Mr. Domingo no longer has a desire to be in a Chapter 11 bankruptcy case before this Court, he should not be able to escape the consequences under Section 362 of his decision to voluntarily file the instant petition in the name of his sole proprietorship because he was the "person" who sought the protection of the Bankruptcy Code. This is particularly true given his two prior individual bankruptcy cases that were pending and dismissed within the prior 1 year period.

U.S. Bankruptcy Court - Hawaii   #19-00676   Dkt # 18   Filed  07/01/19   Page 23 of 25

50.    Pursuant to Section 362(c)(4)(D), a case is presumptively filed not in good faith as to all creditors if two (2) or more previous cases under this title in which the individual was a debtor were pending with the preceding 1 year period and were dismissed.

51.    Within the 1 year period before May 28, 2019 (i.e., from May 28, 2018 to May 28, 2019), Mr. Domingo had "pending" his Second Bankruptcy Case (filed January 22, 2018 and dismissed on June 4, 2018) and his Third Bankruptcy Case (filed June 18, 2019 and dismissed on February 13, 2019), and both were dismissed. *See In re Lundquist*, 371 B.R. 183, 190 (Bankr. N.D. Tex. 2007) (ruling that "[a] case is "pending" for purposes of section 362(c) until it is dismissed…[.]").

52.    Accordingly, pursuant to Section 362(c)(4)(A), no stay shall go into effect upon the filing of the petition in this case, and the Court shall promptly enter an order confirming that no stay is in effect.

### END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW

SUBMITTED BY:
OFFICE OF THE UNITED STATES TRUSTEE
TIFFANY L. CARROLL
Acting United States Trustee
CURTIS CHING        3931
Assistant United States Trustee
NEIL VERBRUGGE      7478
Trial Attorney

U.S. Bankruptcy Court - Hawaii  #19-00676  Dkt # 18  Filed  07/01/19  Page 24 of 25

1132 Bishop Street, Suite 602
Honolulu, Hawaii  96813
Telephone:  (808) 522-8155
ustpregion15.hi.ecf@usdoj.gov